### Ex parte DESJEIRO.

### Ex parte FURIA.

#### (Circuit Court, D. Oregon. April 15, 1907.)

#### Nos. 3,084, 3,085.

FISH—PROTECTION—BOUNDARY WATERS—CONCURRENT LEGISLATION.

Under their respective Constitutions and the acts of Congress admitting them into the Union, the states of Oregon and Washington, although their common boundary is the middle channel of the Columbia river, are each accorded and have concurrent jurisdiction over the entire river. *Held*, that B. & C. Comp. § 4092, as amended by Sess. Laws Or. 1903, p. 218, declaring that it shall be unlawful for any person to take salmon in the waters of the state unless such person is a citizen of the United States or has declared his intention to become such, and has been a bona fide resident of the state of Oregon or the states of Washington or Idaho for a period of six months, etc., not having been concurred in by the Legislature of the state of Washington, is void as to all persons fishing for salmon in the Columbia river, regardless of their citizenship or residence.

G. C. Fulton, for petitioners.
Harrison Allen, for defendants.

WOLVERTON, District Judge. The above cases have been, by stipulation of counsel, consolidated, and were heard together. Each of the petitioners was convicted in the justice's court in and for the precinct of Astoria, Clatsop county, state of Oregon, upon a complaint charging as follows:

"The said defendant [Desjeiro on the 6th day of July and Furia on the 8th day of August, A. D. 1906], in the county of Clatsop and state of Oregon, then and there being, did then and there willfully and unlawfully take and fish for salmon fish in the waters of this state, to wit, in the waters of the Columbia river, without first having been a bona fide resident of the state of Oregon, Idaho, or Washington for the period of six months prior thereto."

And both are now held for imprisonment.

The facts as developed at the trial before the justice, and certified here under writ of certiorari, are that Desjeiro fished for and caught six salmon fish in the waters of the Columbia river by means of a floating salmon gill net at a point in said river south of the middle channel thereof, and opposite the county of Clatsop in the state of Oregon; that in taking the fish he placed the net in the waters of the river at a point within the boundary of the state of Oregon for the purpose of fishing and taking salmon fish thereby; that the net drifted with the current across the boundary into Washington, where he also fished for and caught six other salmon fish; that he delivered his catch to the cannery of the Columbia River Packers' Association at Astoria, in Clatsop county, Or. Desjeiro was at the time a resident neither of the state of Oregon, of Idaho, or of Washington, but was an actual resident and inhabitant of the state of California, and a subject of the King of Italy, never having been naturalized in this country. The same facts appear as it relates to Furia, except it is shown that he was a naturalized citizen, and caught fish on the Oregon side of the ship's channel in the Columbia river; but in all other respects he was engaged in catching fish in violation of the statute of Oregon.

The section of the statute which Desjeiro and Furia are alleged to have violated is as follows:

"It shall be unlawful for any person to take or fish for salmon fish or sturgeon in any waters of this state, unless such person be a citizen of the United States, or has declared his intention to become such, and has been a bona fide resident of the state of Oregon, or the states of Washington or Idaho, for the period of six months: Provided, that a license issued by the state of Washington, such state having concurrent jurisdiction on the Columbia river with this state, shall be deemed valid as to gill nets, and as to gill net fishermen, for use on the Columbia River, as though issued by the fish warden of this state." Section 4092, B. & C. Comp. as amended by Sess. Laws Or. 1903, p. 218.

In order to a clear understanding and solution of the question presented for determination, certain other provisions of the statute, as well as certain provisions of the statute of the state of Washington, should be noted in this connection. Section 4093, B. & C. Comp., as amended by Sess. Laws Or. 1905, p. 116, provides that:

"Any person who is a citizen of the United States, or who has declared his intention to become such, and is a resident of the state of Oregon, or the states of Washington or Idaho, desiring to engage in the business of operating a fish-trap, wier, pound net, set net, gill net, fish wheel, or seine, or other fishing appliance not prohibited by law, for the purpose of catching fish in any of the waters of this state, or over which the state of Oregon has concurrent jurisdiction, shall make application in writing to the fish warden of said state, specifying with convenient certainty the character of the appliance that the applicant desires to obtain license for, and the location, if for a stationary appliance, and upon payment of a license fee as hereinafter provided, said

fish warden shall issue to such applicant a license to operate the character of appliance desired in said application."

Section 4113, B. & C. Comp., as amended by Sess. Laws Or. 1903, p. 237, prescribes that:

"Any person or persons violating any of the provisions of this act shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished" as in said section designated.

By section 2 of an act providing for the protection and propagation of the food fishes in the waters of the state of Washington, etc., Sess. Laws Wash. 1899, pp. 194–206, c. 117, it is enacted that:

"The use of set nets and gill or drift nets, subject to said license and regulation (as thereinafter provided) for said purpose, is authorized in all the waters of this state, except as otherwise provided by law: Provided, however, that * * * a separate license shall be required for each trap * * * gill net, drift net or set net, which license shall be numbered and dated," etc.

And that:

"No license shall be issued to any person who is not a citizen of the United States, unless such person has declared his intention to become such one year prior thereto, and is and has been for one year immediately prior to the time of the application for license an actual resident of the state of Washington: * * * Provided, licenses issued by the state of Oregon shall be deemed valid as to gill nets for use on the Columbia River as though issued by the fish commissioner of this state."

Section 20 prescribes a penalty for a violation of any of the provisions of the act.

Under their respective Constitutions and the acts of Congress admitting them into the Union the states of Oregon and Washington, although their common boundary is the middle channel of the Columbia river, are each accorded and have concurrent jurisdiction over the entire river. In re Mattson (C. C.) 69 Fed. 535. And the vital and pivotal question involved is whether the statute under which the petitioners were convicted is invalid and inoperative by reason of nonconcurrence therein by the Legislature of the state of Washington. Almost the identical question was decided in the case just cited. There the defendant, an inhabitant of the state of Washington, was arrested and imprisoned for fishing on Sunday, an act of the legislative assembly of the state of Oregon inhibiting the conduct (Sess. Laws Or. 1891, p. 33), which was a general law applying to all the waters of the state. It was insisted that as the Legislature of the state of Washington had not concurred in the enactment, or had not a similar statute of its own, the act was void, and insufficient by which to constitute the offense. In his determination of the cause Judge Bellinger says:

"It is no reason for this assumption of legislative control by Oregon within the boundaries of Washington that the latter state has the right to legislate similarly with reference to the river. Washington is precluded, by the legislation of Oregon over the river, from legislating otherwise. What is thus accorded to Washington is not a right, but the necessity of acquiescence to avoid a conflict of jurisdiction. How can this state, more than Washington, determine the right of the citizens of Washington to fish in the waters of that state, or prescribe the days for such fishing? Washington is wholly foreclosed in the premises by the action of Oregon in determining the question for both states. How can this be called the exercise of a concurrent jurisdic-

tion? The word 'concurrent,' in its legal and generally accepted definition, means acting in conjunction, and, when applied to the jurisdiction of Oregon to enact penal laws for the Columbia river, it can only mean the power to enact such criminal statutes as are agreed to or acquiesced in by the state of Washington, or as are already in force within its jurisdiction."

The opinion was concurred in by Judge Hanford of the District of Washington.

True, in that case a citizen of Washington was the defendant, but it does not seem to me that that fact can make any difference. The law, as appears from a reading of the act, was general in its operation, as it is here, and designed to apply alike in all parts of the state, and concurrently with Washington over the waters of the Columbia river. If the act was void as it respects a citizen of the state of Washington, being general, it is void as to every other citizen, whether of the state of Washington or California, or elsewhere. It is the act of concurrence between the two states, in the exercise of legislative authority, that validates the act and gives it the force of law, and, unless there is a concurrence or assent by both states to the enactment, it cannot have that force. This is the doctrine of the Mattson Case, and it has direct application to the case at bar.

Now, section 4092, as amended, makes it a misdemeanor for any person not a resident of the state for the period of six months preceding to take or fish for salmon fish in any of the waters of the state. This is a specific offense within itself. An examination of the laws of the state of Washington will disclose the fact that there is no such offense established within that state, and hence there is no concurrence in the laws of the two states as to the offense. In each state, however, it is required that parties desiring to fish with gill nets shall take out a license, and in each a violation of any of the provisions touching the occupation of fishing within the waters thereof is made a misdemeanor; so that it may be said, perhaps, that the states have legislated concurrently upon that subject. By the Washington act a person must be a resident of the state for one year next preceding before a license can be issued to him; in Oregon the time is fixed at six months; but this is a matter of minor importance, and it may be said that the laws in that regard are in all material respects concurrent. But it is not the offense of fishing without a license that is complained against. It is the offense of fishing without being a resident of the state; and, the state of Washington not having concurred in this legislation, the act is void as to all persons, whether they be citizens of Washington or California, and is within the doctrine of the Mattson Case.

Other questions were presented and argued with much force, but they do not appear to me to be comprehended by the issues involved, and it is therefore not essential that they be determined at this time.

The order will be that the defendants be discharged.